# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

**PATRICK NEWTON GREEN**              **CIVIL ACTION NO. 25-12-P**

**VERSUS**                                            **JUDGE HICKS**

**STATE OF LOUISIANA, ET AL.**        **MAGISTRATE JUDGE HORNSBY**

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Patrick Newton Green ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on January 6, 2025. Plaintiff is detained at the Caddo Correctional Center in Shreveport, Louisiana. He names the State of Louisiana through the Shreveport Police Department, Detective Noah Ruff, and Detective Joseph Bassett as defendants.

Plaintiff claims Shreveport Police Department Detectives Bassett and Russ used a warrant that was null and void to search and seize items. He claims the February 9, 2024 affidavit used by Bassett to procure the search warrant for 8200 Wild Briar Drive, Apartment 410 included numerous false statements and tainted evidence including a photographed section of the structure's floor and a photographed grinder seized without a

search warrant from 2706 Lotta Rd., Kannack, Texas. He claims Bassett presented the illegally obtained, untruthful evidence before Judge Donald Hathaway. He claims the victims of their actions were permanently traumatized because of the miscarriage of justice.

Plaintiff complains that on February 9, 2024, he was falsely arrested, unlawfully searched, and falsely incarcerated by Basset and Ruff. He claims Bassett and Ruff told him that he was in possession of a stolen truck. He alleges Bassett and Ruff knew the truck was registered to Christian Alexander and that the warrant was null and void. Plaintiff filed a motion to suppress which is currently pending and awaiting a hearing date.

Plaintiff claims that while Bassett and Ruff were in Harrison County, Texas on February 9, 2024, they broke into his brother David Green's business without a search warrant or consent. He claims that while in the structure, Bassett and Ruff illegally photographed items without a warrant. He claims Bassett and Ruff formulated a plan to mislead the courts to issue a search warrant for 8200 Wild Briar Drive, Apartment 410 based on evidence that was unconstitutionally obtained and did not link him to the burglary at 3154 North Market Street, Shreveport, Louisiana. Plaintiff argues the evidence is therefore tainted. He also argues there is no evidence to show his involvement.

Plaintiff claims Bassett and Ruff lied to District Judge Donald Hathaway, Jr. when they stated that the Harrison County Sheriff Office executed a search warrant for the business. He claims Bassett made inaccurate statements which were used in the search warrant application that the Harrison County Sheriff Office executed on a building on the property. He claims no warrant was issued for the building located on the property. He

claims Bassett stated in court documents that during the search, an area was discovered that was used to force open an ATM or safe.  He claims Bassett also stated a grinder was found that could be used to cut into a safe or ATM.

Plaintiff claims Bassett provided the State and his counsel with 750 pages of discovery but intentionally withheld the February 9, 2024 application for the search warrant.  He claims this was the only document in which Bassett revealed that the Harrison County Sheriff Office had executed a search warrant on the building located on the property.  He claims this was also the only document in which Bassett revealed the stolen truck was at an impound and not at 2706 Lotta Road in Karnack, Texas.  He claims this was also the only document in which Bassett revealed he and Ruff had taken illegal pictures of the floor and a grinder while illegally inside the building.  Plaintiff claims these are the reasons the document was removed from the discovery material.

Plaintiff claims that on July 15, 2024, his codefendant's attorney Stephen Glassell forced Bassett to the provide the State with the missing February 9, 2024 application for a search warrant.

Plaintiff states that on October 17, 2024, Detective Rocco Bruno of the Harrison County Sheriff Office informed his brother David Green that Bassett and Ruff broke into the structure located at 2706 Lotta Road in Karnack Texas on February 9, 2024 and that the Harrison County Sheriff Office did not execute a warrant at the structure because there was no crime committed in the building at that location.

Plaintiff states that on November 5, 2024, Lt. Mack Fuller of the Harrison County Sherriff Office wrote a statement which stated that a Harrison County District Judge issued a search warrant for 2706 Lotta Road in Karnack, Texas for the location and not the building.

Plaintiff claims the Shreveport Police Department Investigators racially profiled him because as he was sleeping at his house, they put a tracker on his work truck. He claims he and his wife work during the day, so they decided to search for homes she had located on the Zillow app during the night.

Plaintiff claims that on February 8, 2024, someone broke into his property and stole an indeterminate amount of fence and other equipment from his trailer. He states that a police report was made, and he decided to move the trailer to 2706 Lotta Road in Karnack, Texas. He claims that on the night of February 9, 2024, a North Market business was burglarized, and an ATM was allegedly taken by him. He claims the tracker placed him elsewhere and the news station's video footage and description proved his innocence. He claims he and his wife delivered his trailer and stored it at his brother's business and returned to Shreveport. Plaintiff claims Ruff and Bassett then called the Harrison County Sheriff Office and requested that they check the 2706 Lotta Road location for a stolen truck which was there unbeknownst to him or the business owner. He claims Ruff and Bassett informed the Harrison County Sheriff Office to tender a warrant which they did only for the location and not the structure at the location.

Plaintiff claims the Harrison County Sheriff Office seized the stolen truck and towed it to an unknown impound where the vehicle was processed.  He claims processing cleared him and the business owner because there were no fingerprints, DNA, or any other criminal evidence located within the vehicle linked to him.  He claims Bassett and Ruff were unsatisfied with the findings of the Harrison County Sheriff Office and returned to the structure at 2706 Lotta Road.  He claims that at this time, Bassett and Ruff were operating as civilians and broke into the structure.  He claims Bassett and Ruff shattered the door and splintered the frame.  He claims that according to court documents, Bassett and Ruff found the grinder and a location where an ATM could have been broken into.  He claims Bassett and Ruff photographed the items and location within the business and then returned to Shreveport.  He claims the actions of Bassett and Ruff were criminal because they were performed in their individual capacities and without a warrant.

He claims Bassett and Ruff acted to send an innocent man to prison, falsify documents, lie to the Harrison County Sheriff Office, deceive a district judge, commit malfeasance in office, commit perjury, falsely arrest him, unlawfully search and seize, commit simple burglary and property damage, and cause him to have severe depression and PTSD.

Plaintiff is currently detained for six counts of simple burglary.  He has not been convicted of the charges.

Accordingly, Plaintiff seeks reasonable damages.

## LAW AND ANALYSIS

Plaintiff was charged with six counts of simple burglary.  If Plaintiff is ultimately convicted of the pending charges, a favorable ruling on his claims could call into question the validity of his conviction(s).  Plaintiff would not be entitled to seek relief for these claims until such time as the conviction(s) in question had been declared invalid.  See Heck v. Humphrey, 512 U.S. 477 (1994).[1] However, since the criminal prosecution in Plaintiff's case remains pending, Heck does not apply.  See Wallace v. Kato, 549 U.S. 384 (2007) (the Heck rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges).

In cases such as Plaintiff's, where charges remain pending, federal courts have been authorized to stay civil rights claims attacking the legality of a detainee's arrest, prosecution, and detention until such time as the allegedly improper state prosecution has been concluded.  See Wallace, 549 U.S. at 393-94.

In Wallace, the Court stated, "if a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court ... to stay the civil action until the criminal case ... is ended." Id. at 393-94.  The Fifth Circuit has noted that, in such cases, the court "may - indeed should - stay proceedings in the section

---

[1]

 In Heck, the Supreme Court held that, in order to recover damages for an allegedly unconstitutional imprisonment or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994).

1983 case until the pending criminal case has run its course. . ..” <u>Mackey v. Dickson</u>, 47 F.3d 744, 746 (5th Cir. 1995); <u>see also</u> <u>Busick v. City of Madison Miss.</u>, 90 Fed. Appx. 713, 713–714 (5th Cir. 2004).

Plaintiff's civil rights claims should be stayed pending the outcome of the criminal charges. Thereafter, in the event Plaintiff is convicted, he may pursue this § 1983 claim only upon a showing that the suit is not barred by <u>Heck</u>.

## CONCLUSION

Therefore, **IT IS RECOMMENDED** that Plaintiff's civil rights claims be **STAYED** until the criminal proceedings against Plaintiff are completed, subject to the following conditions:

> Within thirty (30) days of the date the state court criminal proceedings have concluded, Plaintiff **SHALL FILE** a motion asking this court to lift the stay. The action will proceed at that time, absent some other bar to suit. <u>See</u> <u>Wallace v. Kato</u>, 549 U.S. 384 (2007).
>
> If the stay is lifted and the court finds Plaintiff's claims would impugn the validity of his conviction, the action will be dismissed under <u>Heck</u>; if no such finding is made, the action will proceed at that time, absent some other bar to suit.
>
> In light of the stay, Plaintiff **SHALL NOT** file any more documents in this action until the state court proceedings have concluded.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and

Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED** in chambers in Shreveport, Louisiana, this 12th day of March, 2025.

Mark L. Hornsby
U.S. Magistrate Judge